UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ALIZA ATIK and WINNIE LAU, on behalf of :
themselves and all others similarly situated, :
: Case No. 15 CV 5405 (MKB) (VMS)
                  Plaintiffs, :
: Judge Margo K. Brodie
       - against - :
: **ECF Case**
WELCH FOODS, INC., A COOPERATIVE, and :
THE PROMOTION IN MOTION COMPANIES, :
INC., :
:
                  Defendants. :
-------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) & (6)**

VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.    PLAINTIFFS LACK ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF ................................................................................................................ 1

        A.    Binding Second Circuit Precedent Mandates That Plaintiffs' Claim for Injunctive Relief be Dismissed for Lack of Article III Standing .............................. 1

        B.    Plaintiffs' Authority is Either Inapposite or Based Upon Faulty Precedent ............. 3

    II.    PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS REGARDING NON-PURCHASED VARIETIES OF FRUIT SNACKS ................... 5

    III.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED TO THE EXTENT THEY ARE TIME-BARRED BY THEIR RESPECTIVE STATUTES OF LIMITATION ................................................................................................................ 6

    IV.    THE REPRESENTATIONS IDENTIFIED BY PLAINTIFFS ARE NOT LIKELY TO MISLEAD A REASONABLE CONSUMER ........................................ 7

    V.    PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIMS FAIL UNDER BOTH NEW YORK AND CALIFORNIA LAW ........................................ 9

    VI.    PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIMS FAIL UNDER BOTH NEW YORK AND CALIFORNIA LAW ........................................ 9

    VII.    PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL ON THEIR MERITS AND BECAUSE THEY ARE DUPLICATIVE ......................................... 10

CONCLUSION ........................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Ackerman v. Coca-Cola Co.*, No. 09 CV 395 (DLI) (RML), 2013 WL 7044866
(E.D.N.Y. July 18, 2013) ............................................................................................. 3, 4, 10

*Albert v. Blue Diamond Growers*, --- F. Supp. 3d. ---, No. CV 15 4087(VM),
2015 WL 9450579 (S.D.N.Y. Oct. 21, 2015) ........................................................................ 3

*Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) ................................. 3, 4

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ..................................................................... 2, 3

*Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (RML),
2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) ................................................................... 3, 4

*Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340 (2d Cir. 1998) ........................................... 1, 3

*DiMuro v. Clinique Labs., LLC*, 572 F. App'x 27 (2d Cir. 2014), ............................................. 5, 6

*Elkind v. Revlon Consumer Prods. Corp.*, No. 14-CV-2484 (JS) (AKT),
2015 WL 2344134 (E.D.N.Y. May 14, 2015) .................................................................... 2, 3

*Fisher v. Monster Beverage Corp.*, No. EDCV 12-02188-VAP (OPX),
2013 WL 10945131 (C.D. Cal. Nov. 12, 2013) ..................................................................... 10

*In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*,
No. 13-CV-150 (JPO), 2015 WL 5730022 (S.D.N.Y. Sept. 30, 2015) ..................................... 3

*In re ConAgra Foods, Inc.*, 302 F.R.D. 537 (C.D. Cal. 2014) ......................................................... 5

*Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2015 WL 183910
(N.D. Cal. Jan. 14, 2015) ......................................................................................................... 10

*Jado Assocs., LLC v. Suffolk Cty. Sewer Dist. No. 4*, No. CV-12-3011 DRH ARL,
2014 WL 2944086 (E.D.N.Y. June 30, 2014) ............................................................................ 6

*Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635
(N.D. Cal. Dec.13, 2012) ........................................................................................................... 4

*Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396
(N.D. Cal. June 14, 2012) .......................................................................................................... 4

*Manchouck v. Modeléz Int'l Inc.*, No. C 13-02148 WHA, 2013 WL 5400285
(N.D. Cal. Sept. 26, 2013) .......................................................................................................... 9

*Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d 142 (E.D.N.Y. 2015) .......................................... 2, 3

*Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241 (N.D. Cal. Jan. 29, 2014) ........... 4

*Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014) ..... 3, 4

*Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), 2012 WL 5504011
    (C.D. Cal. Oct. 25, 2012) ................................................................................... 7, 8, 10

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) .................................................................. 1, 2

*Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370
    (N.D. Cal. Feb. 8, 2016) ..................................................................................... 8, 9, 10

*Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 JG RML, 2015 WL 5360022
    (E.D.N.Y. Sept. 14, 2015) ........................................................................................... 10

*Silverman v. Household Fin. Realty Corp. of N.Y*, 979 F. Supp. 2d 313 (E.D.N.Y. 2013) ............ 9

*Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207
    (E.D.N.Y. 2014) ............................................................................................................ 5

*Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 (MKB),
    2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ............................................................... 5

*Swearingen v. Amazon Pres. Partners, Inc.*, No. 13-CV-04402-WHO,
    2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ............................................................. 10

*Torrent v. Yakult*, No. SACV 15-00124-CJC (JCGx), ECF No. 52 (C.D. Cal. Jan. 5, 2016) ........ 5

*United States v. Redwood City*, 640 F.2d 963 (9th Cir. 1981) ....................................................... 1

*Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) ................................................................... 8, 9

**Rules**

Rule 12(b)(6) ................................................................................................................................ 1

**Other Authorities**

Joe S. Cecil et al., Fed. Judicial Ctr., *Motions to Dismiss for Failure to State
    a Claim After Iqbal: Report to the Judicial Conference Advisory
    Committee on Civil Rules* 14 (2011), *available at*
    http://www.uscourts.gov/file/17889/download ............................................................. 1

# INTRODUCTION

In an attempt to dissuade the Court from granting Defendants' motion, Plaintiffs cite to a case—*United States v. Redwood City*—for the proposition that dismissal under Rule 12(b)(6) "is proper only in 'extraordinary' cases."[1] Plaintiffs neglect to mention, however, that *Redwood City* was decided more than a quarter-century ago—ancient history when it comes to 12(b)(6) motions. In the modern *Iqbal/Twombly* era, dismissal is far from extraordinary, as federal courts are granting motions to dismiss at a rate of **75%**.[2]

This is not the only instance of disingenuous advocacy by Plaintiffs; such smoke-and-mirror tactics permeate every nook and cranny of their opposition brief: they create the illusion of solid authority when in reality there is no foundation; they attempt to transform innocent punctuation marks ("real fruit") into admissions of guilt; and they make problematic authority disappear into thin air, by simply ignoring it. In the end, though, when the smoke clears and their tactics are exposed, the Court will find that Plaintiffs are left without a single viable claim.

# ARGUMENT

## I. PLAINTIFFS LACK ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF

### A. Binding Second Circuit Precedent Mandates That Plaintiffs' Claim for Injunctive Relief be Dismissed for Lack of Article III Standing

Article III of the Constitution requires an individual seeking injunctive relief to "show a likelihood that he or she will be injured **in the future**" in order to have standing to seek such relief. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (emphasis added).[3]

---

[1] Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint ("Opp.") at 4 (*quoting United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)).

[2] *See* Joe S. Cecil et al., Fed. Judicial Ctr., *Motions to Dismiss for Failure to State a Claim After Iqbal: Report to the Judicial Conference Advisory Committee on Civil Rules* 14 (2011), *available at* http://www.uscourts.gov/file/17889/download (ratio of motions granted in whole or in part).

[3] Plaintiffs contend that *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) stands for the proposition that in order to have standing to seek injunctive relief, "Plaintiffs simply need to allege that Defendants were engaging in the

That rule, which the Second Circuit adopted from the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), is binding upon all district courts within the Circuit, including this Court. *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-CV-2484 (JS) (AKT), 2015 WL 2344134, at *3 n. 2 (E.D.N.Y. May 14, 2015).

Notwithstanding the few instances referenced by Plaintiffs where district courts in this Circuit have applied a "public policy exception" to Article III's future injury requirement in the context of consumer protection claims, the Second Circuit has not opined as to whether such a gross deviation from constitutional norms is permitted. In the absence of any such guidance, *Lyons* and its Second Circuit progeny—which decidedly ***do not*** provide for a public policy exception to Article III's future injury requirement—remain binding upon this Court.

This Court has expressly recognized that Supreme Court and Second Circuit precedent mandate rejecting the public policy exception urged by Plaintiffs. In *Elkind*, 2015 WL 2344134, which Plaintiffs ignore, Judge Seybert rejected the same argument asserted by Plaintiffs, noting that while "Plaintiffs point to and the Court is aware of a number of cases that suggest that the requirement of a future or continuing injury is not applicable in those cases where injunctive relief is sought in the consumer context . . . **[b]ecause *Lyons*, remains binding precedent, however, the Court remains bound by its holding**." *Id.* at *3 n. 2. (emphasis added). Likewise, in *Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d 142 (E.D.N.Y. 2015), Judge Townes held that although "[s]everal courts have declined to follow *Lyons* in consumer protection cases .

---

unlawful practice at the time of the Complaint." Opp. at 5. In actuality, *Robidoux* stands for the proposition that a plaintiff must allege "that the defendant was engaging in the unlawful practice **against the plaintiff** at the time of the complaint." *Id.* at 938 (emphasis added). Here, at the time that Plaintiffs filed the Complaint, they were already aware of the alleged misstatements on the Fruit Snacks labeling, so Defendants were certainly not "engaging in the unlawful practice **against the plaintiff**" at that time. *Robidoux* is therefore inapposite.

2

. . **[t]his Court declines to follow these cases because *Lyons* remains binding precedent**." *Id.* at 157 n. 10 (emphasis added).[4]

Moreover, Plaintiffs' allegation that they would continue to purchase Fruit Snacks in the future "if [they] knew that the Product marketing and labeling was truthful and not deceptive," Compl. ¶¶ 16, 19, is facially insufficient to satisfy the future injury requirement. If Plaintiffs were to purchase a product whose labeling was "truthful and not deceptive," Plaintiffs would, by definition, not be injured by that purchase. *See, e.g., Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014) (holding that plaintiff's allegation that "he wishes to purchase [the product] again in the future if the challenged statement is removed from the label" was insufficient to create a likelihood of future injury). Since Plaintiffs fail to allege the requisite element of future injury, their injunction claim should be dismissed for lack of Article III standing. *Deshawn E.*, 156 F.3d at 344.

### B. Plaintiffs' Authority is Either Inapposite or Based Upon Faulty Precedent

Plaintiffs cite three opinions from this Court in support of their position: *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (RML), 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014); and *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 (DLI) (RML), 2013 WL 7044866 (E.D.N.Y. July 18, 2013). *See* Opp. at 5 n. 9 & 6 n. 14.

---

[4] Judges Seybert and Townes' holdings are echoed in recent decisions by their colleagues in the Southern District of New York. In *Albert v. Blue Diamond Growers*, --- F. Supp. 3d. ---, No. CV 15 4087(VM), 2015 WL 9450579 (S.D.N.Y. Oct. 21, 2015), Judge Marrero held that "[a]lthough *Ackerman* and other cases from the Eastern District of New York may suggest that future injury is not required in the consumer protection context, **this Court declines to follow these cases because binding Supreme Court and Second Circuit precedent dictates otherwise**." *Id.* at *5 (emphasis added). Similarly, in *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*, No. 13-CV-150 (JPO), 2015 WL 5730022 (S.D.N.Y. Sept. 30, 2015), Judge Oetken noted that "[s]ome district courts, primarily in California, have allowed such claims to go forward because the contrary rule would preclude injunctive relief in false advertising cases," but rejected this position, citing *Elkind* and *Lyons*, and holding that "**Article III does not permit this sort of public policy exception**." *Id.* at *8 (emphasis added).

All three of these cases rely on two decisions by Judge Illston of the Northern District of California: *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) and *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec.13, 2012).[5] In both *Larsen* and *Koehler,* decided just a few months apart in 2012, Judge Illston articulated the same public policy argument advanced by Plaintiffs—namely, that Article III's future injury requirement should not be applied to consumer protection claims because doing so would "eviscerate the intent . . . in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief." *Koehler,* 2012 WL 6217635, at *6; *see also Larsen*, 2012 WL 5458396, at *3-4.

However, a little over a year later, in *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241 (N.D. Cal. Jan. 29, 2014), Judge Illston expressly repudiated her holdings in *Larsen* and *Koehler*, and rejected the idea of a public policy exception to Article III's future injury requirement. *Id.* at *10 & n. 9. As Judge Illston explained in a later opinion in that case, the mere fact that application of Article III's future injury requirement interferes with the intent of state consumer protection statutes does not justify creating a public policy exception to a basic constitutional requirement, since **"[t]he power of federal courts is limited, and that power does not expand to accommodate the policy objectives underlying state law**." *Rahman,* 2014 WL 5282106, at *6 (emphasis added). Judge Illston's about-face in *Rahman* pulls the rug out from under Plaintiffs, because the cases from this Court that Plaintiffs cite in support of their position—*Belfiore*, *Delgado* and *Ackerman*—are all based on a line of reasoning that was subsequently disavowed by its author.

---

[5] *See Belfiore*, 94 F. Supp. 3d at 445 (quoting and relying on *Koehler*); *Delgado*, 2014 WL 4773991, at *14 (quoting and relying on *Larsen*); and *Ackerman*, 2013 WL 7044866, at *15 n. 23 (quoting and relying on *Larsen* **and** *Koehler*).

4

Plaintiffs also attempt to support their position by citing to several decisions from district courts in the Ninth Circuit. *See* Opp. at n. 8. Because there is binding authority from the Second Circuit on this issue, district court cases from another circuit are completely irrelevant.[6] Also, Plaintiffs neglect to mention that, notwithstanding the three California district court cases that they cite, there are "many opinions" from that same court that come out squarely ***against*** the application of a public policy exception to the future injury requirement, *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 573-74 (C.D. Cal. 2014) (collecting cases from district courts in the Ninth Circuit rejecting the idea of a public policy exception), including the very recently decided *Torrent v. Yakult*, No. SACV 15-00124-CJC (JCGx), ECF No. 52 (C.D. Cal. Jan. 5, 2016). Thus, Plaintiffs cannot even argue that the weight of the authority in the Ninth Circuit—let alone that of the Second Circuit—supports their position.

## II.  PLAINTIFFS LACK ARTICLE III STANDING TO ASSERT CLAIMS REGARDING NON-PURCHASED VARIETIES OF FRUIT SNACKS

The law in the Second Circuit as to a plaintiff's standing to assert claims regarding products that she did not purchase is articulated in *DiMuro v. Clinique Labs., LLC*, 572 F. App'x 27 (2d Cir. 2014), which held that where the non-purchased products "have different ingredients" than the purchased products, a plaintiff lacks standing to assert claims regarding the

---

[6] Plaintiffs appear to be confused as to the body of law that governs the Article III standing issues raised by Defendants. Since there is clear guidance from the Supreme Court and the Second Circuit on these issues, this Court is bound to follow that guidance. *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 233 n. 10 (E.D.N.Y. 2014). Contrary to Plaintiffs' apparent belief, the fact that some of Plaintiffs' underlying claims are based on California statutes does not mean that this Court must follow the holdings of federal courts in California as to standing issues. For instance, in *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 (MKB), 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015), this Court evaluated the Article III standing of plaintiffs purporting to assert Georgia and Texas state law claims, and yet confined its analysis to Second Circuit and Supreme Court precedent. Thus, Plaintiffs' criticism of Defendants for "fail[ing] to even address" California law on the standing issue, Opp. at 8, is entirely misguided.

5

non-purchased products, and such claims should be dismissed at the pleading stage. *Id.* at 29.[7] The Complaint in this case is bereft of allegations as to similarities between the purchased and non-purchased varieties of Fruits Snacks, so the claims challenging the non-purchased varieties should be dismissed on that basis alone. Moreover, Defendants have submitted evidence to the Court (of which the Court may take judicial notice) demonstrating that the Yogurt and PB&J varieties of Fruit Snacks unquestionably contain different ingredients and are sold in materially different packaging than the purchased varieties. Indeed, Plaintiffs highlight the disparities between these products in their own brief, noting that while "sugar makes up *40%* of regular Fruit Snacks, [it makes up] *50%* of Fruit 'n Yogurt Snacks, and *more than* 50% of PB&J Snacks." Opp. at 1-2 (emphasis in original). Therefore, at the very least, the Court should dismiss Plaintiffs' claims as to the Yogurt and PB&J varieties for lack of Article III standing.

### III. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED TO THE EXTENT THEY ARE TIME-BARRED BY THEIR RESPECTIVE STATUTES OF LIMITATION

Plaintiffs contend that Defendants' statute of limitation argument was "without specificity as to which of the nine causes of action they are implicating." Opp. at 16. This statement is puzzling, as Defendants' initial brief methodically enumerates the limitation periods for each of Plaintiffs' nine causes of action. Def's' Initial Brief ("Init. Br.") at 12-13. In fact, all nine of Plaintiffs' claims have limitation periods shorter than six years,[8] and are thus time-barred to the extent they purport to reach back past the period applicable to each claim. *See id.*[9]

---

[7] Plaintiffs' contention that this issue cannot be decided on a motion to dismiss is squarely refuted by *DiMuro*, in which the Second Circuit affirmed the district court's dismissal of claims regarding non-purchased products. 572 Fed. App'x at 29.

[8] Contrary to Plaintiffs' contention, the statute of limitations for unjust enrichment in New York is three years where, as here, the remedy sought is monetary (rather than equitable) in nature. *Jado Assocs., LLC v. Suffolk Cty. Sewer Dist. No. 4*, No. CV-12-3011 DRH ARL, 2014 WL 2944086, at *11 (E.D.N.Y. June 30, 2014).

[9] As for Plaintiffs' contention that the timeliness issue be saved for the class certification stage—they fail to explain why that solution would be more appropriate than the alternative Plaintiffs themselves acknowledge in their brief, namely, amendment of the complaint. *See* Opp. at 16 n. 53.

## IV. THE REPRESENTATIONS IDENTIFIED BY PLAINTIFFS ARE NOT LIKELY TO MISLEAD A REASONABLE CONSUMER

Plaintiffs criticize Defendants' methodical and comprehensive analysis of all of the representations mentioned in the Complaint that could potentially have been the basis for Plaintiffs' claims, even going so far as to mock Defendants for using space in their initial brief to respond to an allegation that Plaintiffs have now clarified is immaterial to the case. Opp. at 18.

Conspicuously absent, however, is any attempt by Plaintiffs to distinguish or otherwise address *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012), which has nearly identical facts to this case. In *Red*, the plaintiffs asserted consumer protection claims regarding the packaging of a product called Ritz Crackers – Roasted Vegetables (the "Crackers"), alleging that, when viewed holistically, the various elements of the Crackers' packaging—which "boasts that the crackers are **made with real vegetables** and **depicts vegetables**"—was likely to mislead a reasonable consumer into believing that the Crackers are "**healthy and contain[] a significant amount of vegetables**." *Id.* at *3 (emphasis added). The *Red* court rejected this contention and dismissed the claims, holding that, notwithstanding the allegedly deceptive packaging, "[t]he fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Id.*

The similarities with the instant case are obvious. Indeed, if one were to simply substitute "Ritz Crackers – Roasted Vegetables" with "Welch's Fruit Snacks" and "vegetables" with "fruit," the *Red* opinion would appear to have been written for this case. Plaintiffs' silence on *Red* can only be explained by their realization that any attempt to distinguish it would be an exercise in futility. Just as this case shares its facts with *Red*, it should also share its result.

7

Similarly instructive is the very recently decided *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016), whose allegations are also a precise match for this case:

|  | *Atik*[10] | *Romero*[11] |
|---|---|---|
| **Word(s) Identifying Wholesome Food** | "Real fruit" | "Wheat" |
| **Image of Wholesome Food** | "Images of whole fruit" | "Images of wheat stalks" |
| **Claims Implying Healthfulness of Product** | "100% Vitamin C" "25% Vitamins A & E" and "no preservatives" | "wholesome wheat" and "healthy grains" |
| **Alleged Suggestion to Consumer** | Product is "**healthy** and contain[s] a **significant amount** of the fruits depicted." | Product "contain[s] a **significant amount** of whole wheat and [is] thus **healthier** than other white breads." |

As in *Red*, the *Romero* court granted the motion to dismiss the consumer protection claims, holding that the package images and copy identified by the plaintiff were insufficient as a matter of law to demonstrate that a reasonable consumer would likely conclude that the bread "contain[s] a significant amount of whole wheat and [is] thus healthier than other white breads." *Romero*, 2016 WL 469370, at *7. Since Plaintiffs have put forward essentially the same allegations as in *Romero*, the same result should obtain.

Ignoring cases that are truly on-point, Plaintiffs instead rely on *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008), which is easily distinguishable on its face and thus inapposite. *Williams* involved an affirmative misrepresentation—the plaintiff alleged that the packaging was false in that it portrayed pictures of fruits not actually contained in the product. 552 F.3d at 939.

---

[10] Opp. at 17-18 & Compl. ¶ 38.
[11] *Romero*, 2016 WL 469370, at *7.

8

Here, Plaintiffs do not—and cannot—identify any representation on Fruit Snacks packaging that is false. Accordingly, *Williams* is irrelevant to this analysis.[12]

## V. PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIMS FAIL UNDER BOTH NEW YORK AND CALIFORNIA LAW

Plaintiffs contend that Defendants breached an express warranty because they sold Fruit Snacks in packaging bearing the images of fruits and the words "Made with REAL Fruit," whereas Fruit Snacks contain only fruit juices and purees. Opp. at 21-22. This argument, of course, presupposes that fruit juices and purees are not "real fruit."[13] Unfortunately for Plaintiffs, that very issue has been definitively decided to the contrary.[14] Since Fruit Snacks do indeed contain "real fruit"—in pureed and strained form—Plaintiffs' argument fails, and their express warranty claims must be dismissed under both New York and California law.

## VI. PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIMS FAIL UNDER BOTH NEW YORK AND CALIFORNIA LAW

Plaintiffs have abandoned their claim for breach of implied warranty under New York law, as they fail to cite any New York authority in rebuttal of Defendants' arguments on that point. *See* Opp. at 22-23 (citing only California-law cases). Thus, Plaintiffs' implied warranty claim under New York law should be dismissed.[15] As to Plaintiffs' California implied warranty

---

[12] *See, e.g.*, *Manchouck v. Modeléz Int'l Inc.*, No. C 13-02148 WHA, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) (holding that *Williams* is inapposite where affirmative misrepresentation is not alleged), *aff'd* 603 F. App'x 632 (9th Cir. 2015); *Romero*, 2016 WL 469370, at *7 (same).

[13] Plaintiffs appear to believe that Defendants implicitly acknowledged that Fruit Snacks do not contain fruit by using so-called "scare quotes" around the words "real fruit" in Defendants' pre-motion letter. *See* Opp. at 22. In fact, as even a cursory reading of the letter indicates, the quotation marks around the words "real fruit" are not scare quotes, but rather honest-to-goodness quotation marks, simply indicating that those words are a direct quote from the Complaint. Defendants adamantly maintain that there is real fruit in Fruit Snacks.

[14] *See Manchouck*, 2013 WL 5400285, at *3 (holding that "even the most narrow definition of 'real fruit' does not exclude fruit that has been strained or blended into puréed form.").

[15] *See Silverman v. Household Fin. Realty Corp. of N.Y*, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) ("Since Plaintiffs fail to oppose Defendants' arguments that the other eleven (11) claims should be dismissed, the court deems them abandoned and grants Defendants' motion as to those claims.").

9

claim, while Plaintiffs contend that such claims are generally not dismissed at the pleading stage unless they are subject to preemption, *see* Opp. at 22, this Court and others have done just that.[16] Because Plaintiffs fail to allege either (i) that Fruit Snacks fall below the level of merchantability, or (ii) that Defendants made misrepresentations about Fruit Snacks, the implied warranty claim should be dismissed. *See* Init. Br. at 24-25.

## VII. PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL ON THEIR MERITS AND BECAUSE THEY ARE DUPLICATIVE

Plaintiffs' unjust enrichment claims fail on their merits under both New York and California law because Plaintiffs have failed to allege any actionable misrepresentations by Defendants. *See supra* § IV & Init. Br. at 25. Plaintiffs' assertion that this is a jury determination is belied by *Red* and *Romero*, both of which are on all-fours with this case, and both of which were dismissed on the pleadings. *See supra* § IV. Finally, the unjust enrichment claims additionally fail because they are wholly duplicative of the other claims asserted herein.[17]

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' initial brief, Defendants' motion to dismiss the Complaint should be granted without leave to amend.

Dated: New York, New York  **VENABLE LLP**
February 19, 2016  By:   /s/ Daniel S. Silverman

---

[16] *See Ackerman*, 2010 WL 2925955, at *25 (dismissing implied warranty claim under California law because "[a] warranty of merchantability . . . simply 'provides for a minimum level of quality'") [applying California law]; *Swearingen v. Amazon Pres. Partners, Inc.*, No. 13-CV-04402-WHO, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014) (dismissing implied warranty claim where plaintiffs failed to allege "that the products lack even the most basic degree of fitness for ordinary use"); *Fisher v. Monster Beverage Corp.*, No. EDCV 12-02188-VAP (OPX), 2013 WL 10945131, at *13 (C.D. Cal. Nov. 12, 2013) (dismissing implied warranty claim because defendants' statements concerning energy drinks "are non-actionable puffery").

[17] *See Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (dismissing CA unjust enrichment claim as duplicative because it shared a remedy with the UCL, FAL and CLRA claims also asserted in the action); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 JG RML, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015) (dismissing NY unjust enrichment claim as duplicative because there was no "set of facts upon which [plaintiff] would fail to establish his breach of warranty and statutory claims, but nonetheless succeed in proving unjust enrichment").

        Daniel S. Silverman (admitted *pro hac vice*)
        Kimberly Culp (admitted *pro hac vice*)
2409 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
dssilverman@venable.com
kculp@venable.com

        Chaim Z. Kagedan
Rockefeller Center
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
ckagedan@venable.com

*Attorneys for Defendants*

11